# GulkoSchwed LLP
ATTORNEYS AT LAW

525 Chestnut Street, Suite 209
Cedarhurst, New York 11516
☎ 212.500.1312 ✦ 212.678.0405

October 20, 2025

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

Re: *R4 GL ACQUISITION LLC, v. GLORIETA LLC, et al,* 25-cv-00944-NRB,

Dear Judge Buchwald:

> **ENDORSEMENT**
> The corporate defendants are granted leave to file Second Amended Counterclaims for the specific purpose of adding the email referenced in this letter and for no wider purpose.
> So Ordered.
> *Naomi Reice Buchwald, USDJ*
> 10/23/25

I represent Counter-Plaintiffs New Vision Glorieta LLC and Glorieta, LLC (collectively, the "Corporate Defendants") and respectfully submit this letter seeking a pre-motion conference for leave to file Second Amended Counterclaims. As explained below, good cause exists for this request, and the proposed amendment would not prejudice the opposing parties.

On September 19, 2025, this Court issued an Order (ECF No. 87) granting the Corporate Defendants leave to file Amended Counterclaims by October 10, 2025. The Court specifically noted that if the Corporate Defendants "can assert additional allegations to cure any alleged deficiencies raised by plaintiffs and third-party defendants letters, it would be in the best interest of the parties and the Court for counter plaintiffs to assert them now, before briefing on the proposed motions."

Following the Court's order, the Corporate Defendants immediately commenced gathering information to support their Amended Counterclaims. However, a significant obstacle arose: the key client contact for the Corporate Defendants was on leave from October 3, 2025, and only returned today, October 20, 2025. As a result, counsel did not have access to certain critical facts and documentary evidence during the period leading up to the October 10, 2025 deadline. The Corporate Defendants timely filed their Amended Counterclaims on October 10, 2025. However, those pleadings did not contain certain material factual allegations and supporting evidence that have since become available.

Since filing the Amended Counterclaims, counsel has obtained access to documentary evidence that directly addresses one of the central defenses asserted by R4 GL Acquisition LLC and the third-party defendants, Chris Sullivan and Marc Schnitzer. Specifically, these defendants have argued that they owed no fiduciary duties to the partnership because R4 was merely a limited partner with no management authority or responsibilities. However, a May 23, 2022 email from Chris Sullivan of R4 directly contradicts this defense. In that email, Mr. Sullivan wrote:

> I want to be absolutely clear again that R4 needs to be in the loop on all work related to drainage, underground sanitary improvements, moisture prevention, etc. so I can communicate effectively to Fair Housing. This includes who is performing the work, the scope/cost and when. Optimal Construction is not the decision maker.

New Vision, Creative Choice **and R4 as limited partner are the decision makers.** I should be copied on all correspondence. I also want to be clear that R4 will not accept a scope of work that doesn't completely address the physical issues that we are already aware of. (emphasis added).

This email (among others) demonstrates that R4 and Mr. Sullivan expressly accepted decision-making authority regarding critical operational matters, including drainage work, sanitary improvements, and moisture prevention, and that R4 acknowledged that it was a "decision maker" alongside New Vision and Creative Choice, contradicting its current position that it was a passive limited partner. The email further demonstrate that the parties had, through their conduct and communications, modified the terms of the Partnership Agreement. This evidence is directly relevant to establishing the Corporate Defendants' counterclaims.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." The Second Circuit has stressed that "absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). The Corporate Defendants satisfy the liberal standard for leave to amend.

First, there has been no undue delay. The Corporate Defendants filed their Amended Counterclaims on the Court-ordered deadline of October 10, 2025. They seek leave to file the Second Amended Counterclaims just ten days later, immediately upon obtaining access to critical evidence through the return of their key client contact. This minimal delay is both reasonable and justified under the circumstances.

Second, there is no bad faith or dilatory motive. The delay was caused by the unavailability of the key client contact, not by any tactical decision or attempt to prejudice the opposing parties. The Corporate Defendants have acted diligently and in good faith throughout this matter.

Third, the opposing parties will not suffer undue prejudice. Briefing on the proposed motions to dismiss has not yet commenced. The parties were directed to confer on a briefing schedule after the October 10, 2025 deadline for amended counterclaims (or if no amended counterclaims were filed by that date). Thus, allowing the Second Amended Counterclaims will not delay or disrupt any established litigation schedule.

Fourth, the proposed amendment is not futile. The May 23, 2022 email provides direct, documentary evidence that R4 exercised decision-making authority over critical operational matters and that the parties modified their partnership arrangements. This evidence directly addresses the counterclaim defendants' central defense and states a viable claim for breach of fiduciary duty.

Finally, permitting this amendment serves the interests of justice and judicial economy. As this Court noted in its September 19, 2025 order, it is "in the best interest of the parties and the Court" for counter-plaintiffs to assert all viable allegations before briefing commences on the motions to dismiss. Allowing the Second Amended Counterclaims will enable the Court to resolve

all disputed issues in a single round of motion practice, rather than requiring subsequent amendments after the current motions are decided.

Counsel contacted opposing counsel to request their consent to this application, but consent has not been provided.

For the foregoing reasons, the Corporate Defendants respectfully request that the Court hold a pre-hearing conference on the Corporate Defendants' motion for leave to file Second Amended Counterclaims by October 27, 2025.[1]

We thank the Court for its consideration of this matter.

Respectfully,

/s/Sam Kadosh

---

[1] Pursuant to the Court's Individual Rules of Practice and Local Civil Rule 15.1, the Corporate Defendants will include a proposed Second Amended Counterclaims in their motion.