UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R4 GL ACQUISITION LLC, a Delaware limited liability company,<br><br>                                  Plaintiff,<br><br>v.<br><br>GLORIETA LLC, a Florida limited liability company, NEW VISION GLORIETA, LLC, a Florida limited liability company, CREATIVE CHOICE HOMES, INC., a Florida corporation, NAIMISHA CONSTRUCTION, INC., a Florida corporation, GLOBE-OP DEVELOPMENT, LLC, a Florida limited liability company, DILIP BAROT, an individual, and NAIMISHA BAROT, an individual.<br><br>                                  Defendants. | Case No.: 25-cv-00944-NRB |

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This matter having come before the Court by stipulation of the parties for the entry of a confidentiality order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2. Either party may designate Documents produced, or Testimony given, in connection with

1

this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

    (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

    (b) "Producing Party" shall mean the parties to this action and any third parties producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c) "Receiving Party" shall mean the party to this action and/or any non-party receiving Confidential Information in connection with depositions, document production or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Neither Party shall file a motion until they have met and conferred on this issue, and certify that they met and conferred in any motion filed in relation to any dispute with this Confidentiality Order.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of any plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associate attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with

3

        respect to the subject matter of this action at the trial of this action or other proceeding herein;

    (d)    the Court and court personnel, if filed in accordance with paragraph 11 hereof;

    (e)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

    (f)    trial and deposition witnesses; and

    (g)    any other person agreed to by the parties.

6.    All Documents and Testimony, whether marked Confidential or not, shall only be used for purposes of this litigation and may only be disclosed as required by a court proceeding, subpoena, or other court order.

7.    All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

8.    Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information. The parties will meet and confer in an effort to reach a resolution before filing a motion under this provision.

9.    This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms hereof.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

11. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, shall provide all other parties with seven (7) days written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. The parties will meet and confer in an effort to reach a resolution before filing a motion under this provision.

(b) In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by

a party as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases or discloses such material, shall be filed under seal pursuant to the Court rules.

(c)     All pleadings, briefs, or memoranda which reproduce, paraphrase, or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

12. Any person receiving Confidential Information shall execute the Confidentiality Certificate attached to this Order as Exhibit A and, in accordance therewith, not reveal or discuss Confidential Information to or with any person not entitled to receive such information under the terms of the Order.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in paragraphs 2 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as confidential within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

17. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of all parties, continue to be binding after the conclusion of this action.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and

trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20. The parties agree to be bound by this Stipulation upon execution, even before it is entered by the Court. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: October 24, 2025

**HOLLAND & KNIGHT LLP**
*Attorneys for Plaintiff*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tele: 305-789-7520
Email: cary.aronovitz@hklaw.com
      israel.encinosa@hklaw.com
      kaatje.greenberg@hklaw.com

By: /s/ Cary O. Aronovitz
    Cary O. Aronovitz, Esq.
    Israel J. Encinosa, Esq.
    Kaatje S. Greenberg, Esq.

| **GULKO SCHWED LLP** | **NASON YEAGER GERSON** |
|---|---|
| *Attorney for Corporate Defendants* | **HARRIS & FUMERO, P.A.** |
| 40 Wall Street, 60th Floor | *Attorneys for Individual Defendants* |
| New York, NY 10005 | 3001 PGA Blvd., Suite 305 |
| Tele: 212-634-7927 | Palm Beach Gardens, Florida 33410 |
| Email: skadosh@gulkoschwed.com | Tele: 561-686-3307 |
| | Email: gwoodfield@nasonyeager.com |
| By: /s/ Samuel Kadosh |       aalvarez@nasonyeager.com |
|     Samuel Kadosh, Esq. | |

8

By: /s/ Alejandra S. Alvarez<br>
Gary A. Woodfield, Esq.<br>
Alejandra S. Alvarez, Esq.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 27, 2025        _____
New York, New York             HON. NAOMI REICE BUCHWALD
                               DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R4 GL ACQUISITION LLC, a Delaware limited liability company,<br><br>         Plaintiff,<br><br>    v.<br><br>GLORIETA LLC, a Florida limited liability company, NEW VISION GLORIETA, LLC, a Florida limited liability company, CREATIVE CHOICE HOMES, INC., a Florida corporation, NAIMISHA CONSTRUCTION, INC., a Florida corporation, GLOBE-OP DEVELOPMENT, LLC, a Florida limited liability company, DILIP BAROT, an individual, and NAIMISHA BAROT, an individual.<br><br>         Defendants. | Case No.: 25-cv-00944-NRB |

## **CONFIDENTIALITY CERTIFICATE**

   I hereby certify my understanding that access to certain Confidential Material in the above-captioned proceeding is provided to me and my firm designated below pursuant to the terms and restrictions of the Protective Order entered into in the above captioned case, and that I have been given a copy of and have read the Protective Order.  I further certify that I and any firm designated below qualify to have access to Confidential Material as described in the Protective Order, and that I and any firm designated below agree to be bound by that Protective Order.  I understand that the contents of the Confidential Material, and any notes, memoranda, or any other form of information reflecting the Confidential Material, shall not be disclosed to anyone other than in accordance with the Protective Order, and shall be used only for the purpose of the above-captioned case.  I further understand that I shall return or destroy such Confidential Material as provided by the Protective Order and that a violation of this certificate constitutes a violation of the Order.  If an "Organization" is identified below, I represent that I am authorized by that organization to make the above representations and understandings on its behalf.

Name:
Title:
Organization:
Party Represented:
Date: