

ALEJANDRA S. ALVAREZ

E-MAIL ADDRESS:
AAlvarez@nasonyeager.com

DIRECT DIAL:
(561) 227-4575

FAX NUMBER:
(561) 686-5442

November 4, 2025

**VIA CM/ECF & EMAIL:**

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21A
New York, NY 10007-1312
BuchwaldNYSDChambers@nysd.uscourts.gov

   **Re:** **R4 GL Acquisition LLC v. Glorieta LLC,** *et al*
     **Case No. 1:25-cv-00944-NRB**
     *Letter Motion for Order to Seal or Redact Plaintiff's Forthcoming Response to Motion to Dismiss and Accompanying Exhibits*

Dear Judge Buchwald,

  Our firm represents Defendants, Dilip Barot ("Mr. Barot") and Naimisha Barot ("Mrs. Barot") (the "Individual Defendants") in the above-styled action. Pursuant to Section E of Your Honor's Individual Practices and Section 11 of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Protective Order") [D.E. 96], Mrs. Barot respectfully requests that the Court seal Plaintiff's forthcoming response to the Individual Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint (hereafter, the "Motion to Dismiss") and accompanying exhibits. Alternatively, Mrs. Barot respectfully requests that the Court accept certain redactions to Plaintiff's filings and seal the unredacted versions of same. The Corporate Defendants join in this Letter Motion. Plaintiff opposes Mrs. Barot's sealing request but agrees to propose redactions to its filings pursuant to the Protective Order.

  On August 15, 2025, the Individual Defendants moved to dismiss Plaintiff's Amended Complaint for (1) lack of personal jurisdiction as to Mrs. Barot and (2) failure to state a claim for aiding and abetting breach of fiduciary duty as to both Mr. and Mrs. Barot [D.E. 71, 72]. Concurrently, and without waiving her defenses, including lack of personal jurisdiction, Mrs. Barot agreed to partake in limited jurisdictional discovery. Plaintiff propounded document requests and interrogatories and requested to depose Mrs. Barot regarding her connection to the Corporate Defendants, Glorieta Gardens, and her contacts with New York.

  On September 19, 2025, the Court entered an order limiting the scope of the jurisdictional discovery that Plaintiff is entitled to receive from Mrs. Barot. Specifically, the Court found that:

> [A]t this stage, it should be sufficient for plaintiff to obtain documents concerning the corporate structure of the entities with which Mrs. Barot is allegedly affiliated. Plaintiff

3001 PGA Boulevard | Suite 305 | Palm Beach Gardens, Florida 33410
Telephone (561) 686-3307 | Facsimile (561) 686-5442 | www.nasonyeager.com

PALM BEACH GARDENS • BOCA RATON • FT. LAUDERDALE • TAMPA

is therefore entitled to seek from Mrs. Barot the following categories of documents relating to Glorieta LLC ["Glorieta"], New Vision Glorieta, LLC ["New Vision"], Glorieta Partners, Ltd. ["Glorieta Partners"], Naimisha Construction, Inc. ["Naimisha Construction"], Globe-Op Development [LLC] ["Globe-Op"], NB Holdings Management, LLC ["NB Holdings"), and [NB Florida Holdings LLLP] ["NB Florida Holdings"]: all documents of incorporation and similar formation documents; copies of the signature blocks for permits, construction approvals, and similar documents required to be filed with federal, state, and local government agencies; documents identifying shareholders, officers, or partnership holders; copies of the signatures on corporate or partnership tax returns; and organizational charts.

[D.E. 86]. Plaintiff propounded amended requests for production seeking the above-referenced categories of documents and Mrs. Barot produced documents responsive thereto. Among the documents that Mrs. Barot produced were two (2) internal organizational charts for Glorieta Partners and Globe-Op. In addition to identifying the partnership holders and shareholders for each entity, the charts detail the specific percentages of the holders' ownership interests. Several documents, including the organizational charts, are marked as confidential.

On October 28, 2025, Plaintiff deposed Mrs. Barot to further facilitate jurisdictional discovery. Plaintiff questioned Mrs. Barot about the organizational charts, including the ownership percentages listed therein, and introduced the charts as exhibits to her deposition. At the conclusion of the deposition, undersigned counsel stated on the record that all exhibits marked as confidential were to be treated as confidential and reserved the right to designate as confidential any testimony relating to those exhibits upon further review of the transcript and discussion with Plaintiff's counsel.

On October 30, 2025, Plaintiff's counsel notified undersigned counsel of Plaintiff's intention to file the organizational charts with its response to the Individual Defendants' Motion to Dismiss. Plaintiff's counsel asked undersigned counsel to advise if there was any objection to filing the exhibits conventionally or if specific information needed to be redacted when filed. Undersigned counsel advised Plaintiff's counsel that the organizational charts contain confidential information and requested that Plaintiff file them and its response, to the extent that it references the confidential information, under seal. As noted above, Plaintiff's counsel disagrees that the information is confidential and opposes the sealing request but agrees to propose certain redactions to its filings pursuant to the Protective Order.

As a threshold matter, the entities from which the Court permitted Plaintiff to obtain jurisdictional discovery—Glorieta, New Vision, Naimisha Construction, Globe-Op, NB Holdings, and NB Florida Holdings—are privately held businesses. Information about privately-held companies is routinely afforded confidential treatment in this district. *See, e.g., U.S. v. Glob. Bus. Travel Grp., Inc.*, 2025 U.S. Dist. LEXIS 20184, at *7 (S.D.N.Y. Jan. 30, 2025); *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 U.S. Dist. LEXIS 73709, at *24 (S.D.N.Y. Apr. 23, 2024); *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. Jan. 3, 2024); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016). Here, the organizational charts contain information about Glorieta's, New Vision's, Globe-Op's, NB Holdings', and NB Florida Holdings' ownership, including breakdowns by percentage—information that has not been disclosed to the public and is confidential. *Closed Joint Stock Co.*, 2016 U.S. Dist. LEXIS 46713, at *12 (concurring in the designation of "previously non-disclosed material relating to ownership or control of a non-public company" as confidential). Mrs. Barot requests that the Court uphold the confidentiality of this information.

2

Mrs. Barot further requests that the Court seal Plaintiff's forthcoming response, to the extent that it incorporates information from the organizational charts, and exhibits, including the charts themselves. "To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)." *Global Business*, 2025 U.S. Dist. LEXIS 20184, at *3. "Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as 'judicial documents;' (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents." *Id.* While Mrs. Barot does not dispute that Plaintiff's response and exhibits are "judicial documents", the weight of the presumption of access to certain material therein about Glorieta, New Vision, Globe-Op, NB Holdings, and NB Florida Holdings is "low." *Id.* Courts consider "the role of the material at issue in the exercise of Article III judicial power" and "the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as the privacy interests of those resisting disclosure." *Id.* at *3–*4 (internal quotation marks and citations omitted). "The stage of the litigation is a key consideration in determining whether the material can be sealed." *Id.* at *4. And "[i]n cases of unusual scope and complexity, [] broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause." *Id.* (alterations in original) (internal quotation marks and citations omitted).

Here, Mrs. Barot does not anticipate that the ownership minutiae contained in the organizational charts will assist the Court, beyond what is already set forth in the Amended Complaint, to assess whether she is individually subject to personal jurisdiction in New York. The public also derives no value from being able to access details about the ownership structure of privately held companies. *Id.* at *5. Additionally, the information and internal documents at issue were obtained in the early stages of this case during limited jurisdictional discovery from a party contesting this Court's exercise of personal jurisdiction, further weighing against the disclosure thereof. *Bonacasa v. Std. Chtd. Bank*, 2025 U.S. Dist. LEXIS 211739, at *7 (S.D.N.Y. Oct. 22, 2025); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Finally, neither NB Holdings nor NB Florida Holdings is a party to this action. When the financial and business privacy interests of a third party are implicated, courts in this district routinely grant requests to seal. *Bonacasa*, 2025 U.S. Dist. LEXIS 211739, at *7–*8.

Alternatively, should the Court decline to only seal Plaintiff's response and exhibits in full, Mrs. Barot respectfully requests that the Court redact from Plaintiff's filings all references to the ownership percentages set forth in the organizational charts for Glorieta, New Vision, Naimisha Construction, Globe-Op, NB Holdings, and NB Florida Holdings; and seal the unredacted versions of these documents from the public record. *See, e.g.*, *Precise Sys. v. U.S.*, 122 Fed. Cl. 263, 263 n.1 (Fed. Cir. 2015) (concluding good cause existed to accept proposed redactions of percentages of stock held by a privately held company's owners). Plaintiff agrees to redact its public filings in accordance with this proposal pursuant to the Protective Order.

*So Ordered
Naomi Reice Buchwald
USDJ
11/4/25*

Thank you for your attention to this matter.

Respectfully submitted,

By: */s/ Alejandra S. Alvarez*
*Counsel for the Individual Defendants*

cc:   All Counsel of Record (via CM/ECF)

3