GulkoSchwed LLP
ATTORNEYS AT LAW
525 Chestnut Street, Suite 209
Cedarhurst, New York 11516
212.500.1312 212.678.0405

January 20, 2025

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

Re: *R4 GL ACQUISITION LLC, v. GLORIETA LLC, et al,* 25-cv-00944-NRB,
**Corporate Defendants' Response to Plaintiff's Letter Motion to Compel Discovery**

Dear Judge Buchwald:

This firm represents Defendants Glorieta LLC, New Vision Glorieta, LLC, Creative Choice Homes, Inc., Naimisha Construction, Inc., and Globe-Op Development, LLC (collectively, the "Corporate Defendants"). We write in response to Plaintiff's January 16, 2026 letter motion seeking to compel discovery. Corporate Defendants respectfully submit that Plaintiff's motion is premature and that the parties remain engaged in good faith efforts to resolve their discovery disputes without Court intervention.

Contrary to Plaintiff's characterization, Corporate Defendants have not engaged in "stonewalling" but have instead been diligently working to respond to Plaintiff's extraordinarily overbroad discovery requests. The principal obstacle to document production has been Plaintiff's insistence on a sweeping ten-year time frame—from September 1, 2015 to the present—combined with search terms so broad they would capture virtually every document generated during this decade-long partnership, regardless of relevance to the actual claims in this litigation.

Plaintiff's proposed search terms include facially overbroad terms such as "Glorieta OR Glorietta," "New Vision," "Creative Choice," and "@creativechoice.net." These terms would return every single document and email mentioning the property name or company name over a ten-year period, including countless communications that have no bearing whatsoever on the claims or defenses in this case.

In response to Plaintiff's overbroad proposal, Corporate Defendants provided narrower, more carefully tailored search terms on November 25, 2025. Corporate Defendants' proposed terms were specifically crafted to capture documents relevant to the allegations in the Complaint and included a tiered approach that would apply different search terms for different time periods, recognizing that the bulk of the disputed conduct allegedly occurred after January 1, 2022.

At the parties' meet and confer on December 4, 2025, Plaintiff refused to even consider Corporate Defendants' more targeted search terms. Instead, Plaintiff demanded that Corporate Defendants first pull an entire decade's worth of emails for all custodians and run Plaintiff's overbroad search terms to produce a "hit count" before Plaintiff would discuss any narrowing of the terms.

Although Plaintiff's approach would require Corporate Defendants to incur substantial expense collecting and processing hundreds of thousands of irrelevant documents, Corporate Defendants agreed to this process in the spirit of cooperation and to move discovery forward. Corporate Defendants have been working with their document review vendor to pull the massive volume of emails required by Plaintiff's ten-year time frame and to run the requested analytics. This process is ongoing and time-consuming precisely because of the overbroad scope that Plaintiff has insisted upon.

Recognizing that the email collection and analytics process would take time given Plaintiff's overbroad parameters, on January 2, 2026, Corporate Defendants proposed to Plaintiff that production begin with documents not subject to the search term dispute, including financial records stored on Corporate Defendants' separate accounting system. Corporate Defendants have been working with their clients to gather these financial documents while simultaneously working with their document review vendor on the email collection and analytics.

Far from "stonewalling," Corporate Defendants have been actively engaged in the document collection process on two parallel tracks, despite the burden imposed by Plaintiff's insistence on reviewing a decade's worth of potentially irrelevant emails before even discussing reasonable limitations.

With respect to the specific categories of documents identified in Plaintiff's letter—including communications with HUD, FHFC, Miami-Dade County, and the City of Opa-locka, REAC scores, books and records, and financial records—**Corporate Defendants can produce within twenty days the REAC/NSPIRE inspection reports, and the books and records and financial data that is stored on the Corporate Defendants accounting system**. The communications with HUD, FHFC, Miami Dade County and the City of Opa-Locka are in the same email systems that are being searched using the search terms.

The parties' discovery disputes can and should be resolved without Court intervention. Corporate Defendants respectfully request that rather than scheduling a pre-motion conference on a motion to compel, the Court instead set a control date 30 days from the date of this letter for the parties to provide a joint status report on their discovery efforts. This will allow the parties to continue their good faith meet and confer efforts and provide the Court with a meaningful update on the substantial progress Corporate Defendants expect to make.

Respectfully submitted,

/s/ Samuel Kadosh
GULKO SCHWED LLP
Attorneys for Corporate Defendants

cc: Cary O. Aronovitz, Esq. (via ECF)