GulkoSchwed LLP
ATTORNEYS AT LAW
525 Chestnut Street, Suite 209
Cedarhurst, New York 11516
212.500.1312 212.678.0405

May 29, 2026

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

*R4 GL Acquisition LLC v. Glorieta LLC, et al.*, Case No. 1:25-cv-00944 (NRB)
**Corporate Defendants' Response to Plaintiff's Letter Motion to Compel Discovery**

Dear Judge Buchwald:

This firm represents Defendants Glorieta LLC, New Vision Glorieta, LLC, Creative Choice Homes, Inc., Naimisha Construction, Inc., and Globe-Op Development, LLC (collectively, the "Corporate Defendants"). We write in opposition to Plaintiff's May 26, 2026 letter motion to compel. (ECF No. 140). This case involves specific and discrete allegations of mismanagement in the rehabilitation of a 330-unit apartment complex in Florida. As discussed below, Plaintiff's proposed search terms seek to compel the production of every routine communication mentioning the property or company name over a ten-year period, even if they have no bearing on the specific acts of alleged mismanagement at issue. The Court should deny the motion and direct the parties to negotiate proportional search terms tethered to the specific issues actually in dispute.

To date, the Corporate Defendants have produced thousands of pages of financial documents, inspection reports, and books and records. What is still at issue are the search terms to be applied to the Corporate Defendants' emails. Approximately three months ago, the Corporate Defendants advised Plaintiff that its proposed terms were overbroad and proposed narrower, issue-specific alternatives. *See* Joint Status Report on Discovery Efforts (ECF No. 131). Plaintiff nonetheless insisted that the Corporate Defendants run its terms against a decade of emails for seven proposed custodians. A copy of Plaintiff's proposed search terms is attached as **Exhibit 1**. The Corporate Defendants retrieved and searched over 3.1 million emails, and those terms returned approximately 450,000 unique documents. The Corporate Defendants provided Plaintiff with a detailed hit-count report demonstrating that its terms were sweeping in hundreds of thousands of irrelevant documents.

At the parties' April 29, 2026 meet and confer, the Corporate Defendants proposed a tiered approach to discovery, with the Corporate Defendants first applying narrower terms tailored to the issues in this case, with the express option for Plaintiff to request additional documents if those terms proved insufficient. Plaintiff rejected that proposal. On May 9, 2026, my co-counsel for the Individual Defendants, Alejandra Alvarez, proposed another solution, to add limiting terms to Plaintiff's search terms that returned the most hits – namely, those terms that sought all documents from a specific email address. Ms. Alvarez's email is attached as **Exhibit 2. Plaintiff never responded to that email.**

Plaintiff's terms are overbroad on their face. They are designed to capture every document generated over the course of a decade-long real estate project, rather than the terms relevant to the specific problems that gave rise to this litigation. Several of Plaintiff's terms are nothing more than the email addresses of central players—*e.g.*, jeff@nvhfinc.com, ykakkar@creativechoice.net, and gopi@creativechoice.net—or the surname "Barot." Such terms would capture every email a custodian ever sent or received concerning Glorieta, whether or not it has any bearing on the issues in dispute. Courts in this District routinely reject exactly this kind of indiscriminate, custodian-wide demand. *See Acosta v. N.Y. Times Co.*, 2025 U.S. Dist. LEXIS 232425, at *10–11 (S.D.N.Y. Nov. 21, 2025) ("Any request that seeks 'any and all documents and communications' concerning a person is grossly overbroad and does not comport with Rule 26(b).").

The defects are not confined to the custodian terms. Plaintiff's list also includes the single words "rent," "Invoic*," "bill," "statement," or "payment." *See* Exhibit 1. These terms would capture a decade's worth of routine business correspondence for a 330-unit apartment complex, none of which bears on the specific claims at issue here.

Plaintiff's approach is contrary to Rule 26(b)(1)'s requirement that discovery be proportional to the needs of the case. At an industry-standard review cost of approximately $3 per document, reviewing the roughly 450,000 documents captured by Plaintiff's terms would cost the Corporate Defendants well over $1.3 million in attorney review costs alone—before a single document is produced. Courts in this District have declined to compel production on far smaller burdens. In *In re OpenAI, Inc.*, 800 F. Supp. 3d 602, 612 (S.D.N.Y. 2025)—a litigation involving damages in the billions—the court declined to order production of certain logs where their review would cost "upwards of $1 million" because the requesting party "d[id] not carry their burden to show proportionality." If a seven-figure review burden was disproportionate in a case of that magnitude, it is *a fortiori* disproportionate here, where the amounts in controversy are orders of magnitude smaller. Similarly in *Brous v. Eligo Energy, LLC* the court held that plaintiffs "are not permitted by the Federal Rules[] to insist that Eligo search and produce enormous quantities of ESI at a cost of millions to resolve [] straightforward legal issues." 2024 U.S. Dist. LEXIS 205103, at *3–4 (S.D.N.Y. Nov. 8, 2024). The court further observed that "perhaps in recognition (or even because) of the stringent burden they face, Plaintiffs' strategy has been to abuse discovery to impose crushing litigation costs . . . as a means to force an unmerited settlement." *Id.* That is precisely the dynamic at work here.

The fundamental problem with Plaintiff's terms is that they sweep in every document touching the management and rehabilitation of this property across an entire decade, when only a handful of discrete issues are actually in dispute. The Corporate Defendants have repeatedly offered to negotiate terms tethered to those issues; Plaintiff has stubbornly refused, evidently preferring to bludgeon the Corporate Defendants with the cost and burden of indiscriminate discovery.

Plaintiff's demand for overbroad discovery is particularly hard to reconcile given that they have not produced a single document in this case.

For these reasons, the Corporate Defendants respectfully request that the Court deny Plaintiff's motion to compel and instead direct the parties to negotiate narrower search terms linked

to the specific events, time periods, and issues raised in the Amended Complaint. The attached correspondence evidences that this process is underway, as facilitated by Defendants, and would have benefited from a response from Plaintiff regarding Defendants' latest proposal instead of motion practice.

The Corporate Defendants remain prepared to produce responsive documents promptly once proportional terms are in place.

Respectfully submitted,

/s/ Samuel Kadosh
GULKO SCHWED LLP
Attorneys for the Corporate Defendants
212-634-7927
skadosh@gulkoschwed.com

# EXHIBIT A

**R4 v Glorieta LLC et al.**

**Plaintiff's Proposed Search Terms to Defendant for Electronically Stored Information**

Time Period: September 1, 2015, to April 5, 2024.

Plaintiff reserves the right to amend these terms during the course of discovery and as additional information is learned through the course of discovery, and subsequent to Court rulings. Plaintiff sets forth that the parties have agreed to utilize a third party to preserve all documents from the subject custodians.

**(1) Proposed Keyword Search Terms**

To limit search results to documents relating to the Subject Property, all searches may be run with the following condition: AND (Gloriet* OR GG OR R4 OR @r4cap.com)

1. @r4cap.com
2. (Glorieta OR Glorietta OR GG)
3. ("New Vision")
4. "Creative Choice" OR CCH OR @creativechoice.net
5. Globe
6. Naimisha
7. Optimal
8. Impro OR @improsynergies.com
9. Barot
10. Dilip OR Dilop OR Dillip OR dilip@creativechoice.net
11. (Naimisha w/4 Barot) OR Gopi OR gopi@creativechoice.net
12. Partner*
13. Develop*
14. Guarant*
15. "Payment Date Certificate"
16. City w/4 Opa*
17. County w/4 (Miami OR Miami-Dade)
18. HUD OR "Housing and Urban Development" OR @hud.gov
19. "Florida Housing" OR FHFC OR (Laura w/4 Cox) OR @floridahousing.org
20. Marco w/4 Rubio
21. Federica w/4 Wilson
22. (Robert or Bob) w/4 Snow
23. (Kenneth or Ken) w/4 Weiss
24. (Yash* w/4 Kakkar) OR ykakkar@creativechoice.net
25. (Laura w/4 Pinero) OR laura@creativechoice.net
26. (Ashok w/4 Kumar) OR ashok@creativechoice.net
27. (Anju w/4 Kumar) OR anju@creativechoice.net
28. Chris w/4 Z*
29. Sandra OR Fitzsandra OR White
30. (Jeff OR Staley) OR jeff@nvhfinc.com
31. REAC

32. DERM
33. HAP OR "Section 8"
34. Abate*
35. Inspect*
36. Rent
37. 8609
38. Demand OR case OR complaint OR lien
39. Invoic* OR bill OR statement OR payment
40. Audit* OR books OR financ* OR expense* OR Yardi OR Timberline
41. "Alexandria Dr*"
42. "Port Said"
43. Aswan

**(2) Proposed Custodians**

Defendants

1. Dilip Barot
2. Naimisha Barot
3. Yash Pal Kakkar
4. Ashok Kumar
5. Jeff Staley
6. Kenneth Weiss

# EXHIBIT B

**Samuel Kadosh**

**From:** Alejandra S. Alvarez <AAlvarez@nasonyeager.com>
**Sent:** Friday, May 8, 2026 4:14 PM
**To:** Kaatje.Greenberg@hklaw.com; Cary.Aronovitz@hklaw.com
**Cc:** Gary A. Woodfield; 'Samuel Kadosh'
**Subject:** RE: Glorieta - Document Production
**Attachments:** Plf.'s Search Terms - Hit Counts.csv.xlsx

Good afternoon, Kaatje,

Thank you for following up. Below is a summary of our discussion earlier this week, along with my thoughts on how to move forward with Plaintiff's search terms. Please note that these are my preliminary suggestions and any final decision will be subject to client approval. I have copied Sam for his input.

We uploaded the emails of seven custodians dating back to 2015 to our vendor. After forensic processing and deduplication, we were left with approximately 3.1 million emails. Plaintiff's proposed limiting condition (Gloriet* OR GG OR R4 OR @r4cap.com) reduced this population to 454,847 records (the "Working Population").

The term "Glorieta OR Glorietta OR GG" does not meaningfully reduce the Working Population because it overlaps with Plaintiff's limiting condition. I believe we are in agreement to dispense with this term.

The next nine terms with the highest hit counts (ranging from 131,368 to 277,881 records) are: "Barot", "(Jeff OR Staley) OR jeff@nvhfinc.com", "(Naimisha w/4 Barot) OR Gopi OR gopi@creativechoice.net", "Audit* OR books OR financ* OR expense* OR Yardi OR Timberline", "Creative Choice OR CCH OR @creativechoice.net", "(Anju w/4 Kumar) OR anju@creativechoice.net", "(Ashok w/4 Kumar) OR ashok@creativechoice.net", "(Yash* w/4 Kakkar) OR ykakkar@creativechoice.net", and "Invoic* OR bill OR statement OR payment".

My understanding is that the six terms incorporating email domains pull in all emails since 2015 that contain a Creative Choice email address (or, in Jeff's case, his New Vision email address), which is too broad. I suggest applying the following limiting condition to these six terms: "**AND (rehab* OR condemn* OR mold OR sew* OR sanita* OR plumb* OR duct* OR water OR roof* OR environ* OR reloc* OR stipend OR 'Building 8' OR contractor OR capital OR occup* OR DERM OR code OR settle* OR insur* OR security OR fiat)**". This is a combination of terms Defendants proposed based on Plaintiff's factual allegations. It does not significantly overlap with the remainder of Plaintiff's proposed terms (meaning, to the extent that Jeff, Naimisha, Anju, Ashok, Yashpal, Dilip, or Ken have emails mentioning any of the terms in rows 12–44 of the attached spreadsheet, those have already been captured. We should approach the rest of their emails with the same level of precision).

I also recommend applying the limiting condition to the other three terms. All emails since 2015 that mention "Barot" is far too broad, especially since the Barots are already custodians. Similarly, "Audit* OR books OR financ* OR expense* OR Yardi OR Timberline" and "Invoic* OR bill OR statement OR payment" are overly broad. The case is not about every expense, bill, or payment generated by Glorieta over the past ten years. If, upon further review of the parties' separate financial productions, there is support for expanding these terms, we can revisit or revise the limiting condition at that stage.

I have asked our vendor to apply the proposed limiting condition to these nine terms to see how it affects the hit counts. I expect to have those results today or Monday.

Regarding the three terms you mentioned Plaintiff would be willing to remove, I do not mind keeping them in the line-up as is, but we can discuss further.

Lastly, you will note that "Chris w/4 Z*" generated no hits. Our vendor indicated that three characters are required for proximity searches, so I asked them to run "Chris w/4 Zro". I will provide that hit count upon receipt.

In the meantime, I welcome your thoughts. I have time on Monday to discuss further.

Respectfully,
Alejandra

**Alejandra Alvarez**
Attorney at Law

Email: AAlvarez@nasonyeager.com
Web: www.nasonyeager.com
Tel: 561-227-4575 | Fax:561-686-5442

Nason Yeager
GERSON HARRIS & FUMERO, P.A.
ATTORNEYS AT LAW | Est. 1960

3001 PGA Blvd, Suite 305 |Palm Beach Gardens |FL |33410

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage and/or telephone expenses.

**WIRE FRAUD ADVISORY:** Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Nason Yeager containing wire transfer instructions, please call Nason Yeager using previously known contact information and NOT information provided in the email, to verify the information contained within said wire transfer instructions prior to sending funds pursuant to such wire transfer instructions.

**Think Green!** Please do not print this e-mail unless absolutely necessary.

**From:** Kaatje.Greenberg@hklaw.com <Kaatje.Greenberg@hklaw.com>
**Sent:** Thursday, May 7, 2026 3:21 PM
**To:** Alejandra S. Alvarez <aalvarez@nasonyeager.com>; Cary.Aronovitz@hklaw.com
**Subject:** RE: Glorieta - Document Production

Alejandra,

When we met earlier this week, you indicated that you would send a revised search term proposal by yesterday, May 6. We look forward to receiving that proposal.

In the meantime, we have reviewed the last hit count reports circulated by Defendants and would agree to remove the following search terms from our list:

- @r4cap.com
- (Robert or Bob) w/4 Snow
- (Laura w/4 Pinero) OR laura@creativechoice.net

Plaintiff's position remains that the documents that Defendants identified responsive to Plaintiff's search terms are proportional to the needs of the case and should be the review universe from which documents are produced. Progress on discovery has been stagnated for months, and we will be required to seek court intervention if Defendants continue refusing to begin document review and production.

Regards,
Kaatje

**Kaatje Greenberg** | **Holland & Knight**
Associate
Holland & Knight LLP

1650 Market Street, Suite 3300 | Philadelphia, Pennsylvania 19103
Phone +1.215.252.9611 | Fax +1.215.867.6070
kaatje.greenberg@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Alejandra S. Alvarez <aalvarez@nasonyeager.com>
**Sent:** Friday, May 1, 2026 3:40 PM
**To:** Aronovitz, Cary (MIA - X27520) <Cary.Aronovitz@hklaw.com>
**Cc:** Greenberg, Kaatje S (PHL - X49611, MIA - X27699) <Kaatje.Greenberg@hklaw.com>
**Subject:** RE: Glorieta - Document Production

*[External email]*
I can do any time after 3pm, if that works for you and Kaatje.

**Alejandra Alvarez**
Attorney at Law

Email: AAlvarez@nasonyeager.com
Web: www.nasonyeager.com
Tel: 561-227-4575 | Fax:561-686-5442

Nason Yeager
GERSON HARRIS & FUMERO, P.A.
ATTORNEYS AT LAW | Est. 1960

3001 PGA Blvd, Suite 305 |Palm Beach Gardens |FL |33410

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage and/or telephone expenses.

**WIRE FRAUD ADVISORY:** Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Nason Yeager containing wire transfer instructions, please call Nason Yeager using previously known contact information and NOT information provided in the email, to verify the information contained within said wire transfer instructions prior to sending funds pursuant to such wire transfer instructions.

**Think Green!** Please do not print this e-mail unless absolutely necessary.

---

**From:** Cary.Aronovitz@hklaw.com <Cary.Aronovitz@hklaw.com>
**Sent:** Friday, May 1, 2026 2:25 PM
**To:** Alejandra S. Alvarez <aalvarez@nasonyeager.com>
**Cc:** Kaatje.Greenberg@hklaw.com
**Subject:** RE: Glorieta - Document Production

Hi Alejandra – yes we're generally available on Monday. Let us know a few times that work for you.

Have a nice weekend,
Cary

**Cary Aronovitz** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone +1.305.789.7520 | Mobile +1.305.318.5456
cary.aronovitz@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Alejandra S. Alvarez <aalvarez@nasonyeager.com>
**Sent:** Thursday, April 30, 2026 7:17 PM
**To:** Aronovitz, Cary (MIA - X27520) <Cary.Aronovitz@hklaw.com>
**Subject:** RE: Glorieta - Document Production

*[External email]*
Cary, are you available for a phone call with me on Monday morning?

**Alejandra Alvarez**
Attorney at Law

Email: AAlvarez@nasonyeager.com
Web: www.nasonyeager.com
Tel: 561-227-4575 | Fax:561-686-5442

Nason Yeager
GERSON HARRIS & FUMERO, P.A.
ATTORNEYS AT LAW | Est. 1960

3001 PGA Blvd, Suite 305 |Palm Beach Gardens |FL |33410
The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage and/or telephone expenses.

**WIRE FRAUD ADVISORY:** Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Nason Yeager containing wire transfer instructions, please call Nason Yeager using previously known contact information and NOT information provided in the email, to verify the information contained within said wire transfer instructions prior to sending funds pursuant to such wire transfer instructions.

**Think Green!** Please do not print this e-mail unless absolutely necessary.

**From:** Cary.Aronovitz@hklaw.com <Cary.Aronovitz@hklaw.com>
**Sent:** Thursday, April 30, 2026 9:18 AM
**To:** Samuel Kadosh <skadosh@gulkoschwed.com>; Alejandra S. Alvarez <aalvarez@nasonyeager.com>
**Cc:** Israel.Encinosa@hklaw.com; Kaatje.Greenberg@hklaw.com
**Subject:** Glorieta - Document Production

Counsel:

Thank you for speaking with us yesterday.  We do not agree to the “tiered” approach suggested by you at the meeting (i.e., starting production with documents responsive to Defendants’ limited search terms). That “tiered” approach will likely increase the burden and costs on Defendants, as they would be required to review their documents twice—once in response to Defendants’ proposed search terms, and again in response to Plaintiff’s proposed terms.

Plaintiff’s position remains that the proposed search terms hitting about 350,000 documents are relevant, proportional, and necessary given the allegations in the Amended Complaint. The number at issue shows that the limited custodians and proposed search terms have worked.

As we explained to the Court in our February joint letter, Plaintiff alleges a wide array of ongoing breaches of contract and breaches of fiduciary duties, and the day-to-day operations of the Defendant entities are central to those breaches.

We have asked for months that Defendants actually sample their documents with sample reviews and let us know if such a procedure demonstrates a high volume of non-responsive documents.   However, despite our prodding for months, Defendants have not done so.  If you do not agree to promptly begin your review and produce significant waves of production of the 350,000 documents that the searches have actually narrowed, then we plan to seek Court intervention on this issue as Plaintiff is being prejudiced by the significant delay.

Regards,
Cary

**Cary Aronovitz** | **Holland & Knight**
Partner
Holland & Knight LLP
701 Brickell Avenue, Suite 3300 | Miami, Florida 33131
Phone +1.305.789.7520 | Mobile +1.305.318.5456
cary.aronovitz@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.