**Holland & Knight**

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Application granted.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2026
New York, New York

June 30, 2026

**Via ECF**

Honorable Naomi Reice Buchwald
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. Courtroom 21A
New York, NY 10007

Re: *R4 GL Acquisition LLC v. Glorieta LLC, et al.*, Case No. 1:25-cv-00944
Agreed Proposed Amended Civil Case Discovery Plan and Scheduling Order

Dear Judge Buchwald:

Pursuant to Rule 1(D) of Your Honor's Individual Practices, the parties in the above referenced case respectfully request an extension of the dates set forth in the Civil Case Discovery Plan and Scheduling Order (ECF No. 113) (the "Order"). A copy of the Order is attached hereto as **Exhibit A**.

The Order was entered on November 14, 2025. It was the first such Order entered in this action; although the parties submitted an initial proposed civil case discovery plan to the Court on June 3, 2025, that proposed order was not entered. (ECF No. 55)

In relevant part, the Order requires all fact discovery to be completed by 275 days from the date of the Order (that is, by August 17, 2026) and all expert discovery to be completed by 320 days from the date of the Order (that is, by September 30, 2026).

The parties are working together in good faith to move the case forward, but they need more time to conduct fact and expert discovery. Document production is still in its earliest stages—the Court recently ordered Corporate Defendants to start producing documents, and Plaintiff is also in process of reviewing and producing documents. *See, e.g.*, ECF No. 143 (requiring Corporate Defendants to begin rolling productions of responsive documents within two weeks, by June 25, 2026).

The parties respectfully request that all case discovery deadlines set forth in the Order be extended by 180 days to allow them sufficient time to complete discovery.

Respectfully Submitted,
/s/ Cary O. Aronovitz, on behalf of the Plaintiff
/s/ Samuel Kadosh, on behalf of the Corporate Defendants
/s/ Alejandra Alvarez, on behalf of the Individual Defendants

# <u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R4 GL ACQUISITION LLC, a Delaware limited liability company,<br>Plaintiff,<br>v.<br>GLORIETA LLC, a Florida limited liability company, NEW VISION GLORIETA, LLC, a Florida limited liability company, CREATIVE CHOICE HOMES, INC., a Florida corporation, NAIMISHA CONSTRUCTION, INC., a Florida corporation, GLOBE-OP DEVELOPMENT, LLC, a Florida limited liability company, DILIP BAROT, an individual, and NAIMISHA BAROT, an individual.<br>Defendants. | Case No.: 25-cv-00944-NRB |

**[PROPOSED] AMENDED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

This Civil Case Discovery Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent at this time to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. The parties agree that this is a standard track case and that deadlines should be set in accordance with a standard track case.

3. Informal settlement discussions have been explored and the parties will discuss settlement in good faith as the case progresses. The parties request that the Court issue a mediation deadline and that the parties be permitted to choose a mediator.

Case 1:25-cv-00944-NRB Document 148 Filed 07/14/25 Page 4 of 5

4. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) with such a conference occurring on May 12, 2025 in which counsel for all parties attended. Parties submitted an initial Proposed Civil Case Discovery Plan on June 3, 2025 [D.E. 55]. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were completed by May 28, 2025.

5. The parties estimate trial to take between 10-14 days.

6. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court or agreement of the parties.

7. Fact Discovery:

a. All fact discovery shall be completed by **275** days from the date of this Order.

b. Non-expert depositions shall be completed by **245** days from the date of this Order.

c. The interim deadline in paragraph 7(b) may be extended by the written consent of all parties without application to the Court, or by a Motion to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8. Expert Discovery:

a. All expert discovery, including expert depositions, shall be completed by **320** days from the date of this Order.

b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **245** days from the date of this Order.

c. Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **275** days from the date of this Order.

d. Plaintiff's rebuttal expert disclosures shall be made by **305** days from the date of this Order.

e. The interim deadlines in paragraphs 8(b) through 8(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(a).

9. The parties' submitted, and the Court has entered, a protective order to govern the production of documents and the conduct of depositions in this matter.

10. ALL DISCOVERY SHALL BE COMPLETED BY **275** days from the date of this Order except as it relates to expert discovery identified under ¶ 8 above.

11. Unless otherwise ordered by the Court, any summary judgment motion shall be filed within **30** days of the close of all discovery (including expert discovery).

Any party who wishes to move for summary judgment should submit a letter pursuant to this Court's Individual Practice 2B within 30 days of the completion of discovery.

12. Counsel for the parties have discussed the use of alternate dispute resolution ("ADR") mechanisms for use in this case. It is too early to determine if the parties wish to participate in ADR. However, the parties believe that the retention of a privately retained mediator is the most appropriate method of ADR for this case.

13. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices.

SO ORDERED.

Hon. Naomi Reice Buchwald
**DISTRICT COURT JUDGE**

Dated: November 14, 2025
New York, New York