Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

August 28, 2026

**Via ECF**

Honorable Naomi Reice Buchwald
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. Courtroom 21A
New York, NY 10007

Re: *R4 GL Acquisition LLC v. Glorieta LLC, et al.*, Case No. 1:25-cv-00944
Joint Status Report on Discovery Efforts

Dear Judge Buchwald:

Pursuant to Your Honor's endorsed letter dated July 28, 2026 (ECF No. 150), the undersigned counsel respectfully submit this joint status report on the parties' discovery efforts.

**PLAINTIFF'S POSITION**

Plaintiff's position is that Corporate Defendants are not moving forward diligently with discovery and have not complied with the Court's Order dated June 11, 2026, directing Corporate Defendants to begin rolling productions of documents responsive to Plaintiff's search terms (ECF No. 143).

Corporate Defendants appear to be searching from the entire universe of 450,000 potentially responsive documents at random, resulting in an inexcusably slow pace of production. Since the June 11, 2026, Order, Corporate Defendants have produced approximately 700 documents. Plaintiff, meanwhile, has taken its discovery obligations seriously, has utilized targeted searches, and has produced over 6,000 documents within the same time period. Plaintiff's rolling productions remain ongoing.

Documents responsive to some of Plaintiff's Requests for Production (to which Corporate Defendants responded on July 31, **2025**) can and should be located and produced separate and apart from Corporate Defendants' review of keyword hits. For example, in RFP 35, Plaintiff seeks all insurance policies in Corporate Defendants' name or in the name of the Partnership, but those documents have not been produced. As just another example, RFP 7 requested all agreements or contracts concerning the Property such as management company agreements, security company agreements, and construction agreements. Responding to these requests has nothing to do with search terms.

Moreover, documents responsive to many more of Plaintiff's Requests for Production can be found through a simple keyword search within the custodial data collected – such as mold,

flooding, Opa-locka, GAIA, condemned, Fiat, "Royal American," rehab, "Third Installment Payment," "Fourth Installment Payment," "Rental Achievement," HUD, or REAC, to name a few examples.

The parties met and conferred on August 25, 2026 in relation to Defendants' request to utilize Relativity aiR, an AI platform, to review Defendants' 450,000 document universe (which was already limited by Plaintiff's search terms) for responsive documents. Plaintiff is researching if such a program is utilized what safeguards can be enacted to ensure that responsive documents to its Requests For Production are produced as required under Federal Rules of Civil Procedures 26 and 34.

Plaintiff is trying to avoid continued Court intervention on this discovery dispute, but it continues to face delay from Corporate Defendants. Plaintiff respectfully requests the Court to direct the parties to submit another status report in 30 days to ensure continued progress.

**DEFENDANTS' POSITION**

Defendants continue to make progress on their review and production obligations, particularly with respect to the email records that continue to be the subject of the parties' conferral efforts, and to date have employed a standard review protocol to identify responsive, nonprivileged records for production.

Since the prior status report, the Corporate Defendants made an additional production of 417 email records. They are also preparing a fourth production of approximately 1,650 email records. These productions supplement the Corporate Defendants' earlier productions, including productions of non-email records made before the Court's June 11, 2026, Order.

In order to increase the rate of review and production of email records, Defendants are transitioning to an AI-assisted review platform called Relativity aiR which, together with appropriate attorney oversight and quality-control measures, will dramatically increase the rate of review and production. Non-parties Creative Choice Homes and Optimal also produced documents since the last status report.

The parties also met and conferred on August 25, 2026 to discuss completing the production of non-email records and remain engaged in conferral efforts regarding a reasonable timeframe for their production.

The parties are making meaningful progress in their discovery efforts. Defendants anticipate making significant progress in the coming month, will continue to make rolling productions of responsive documents, and respectfully join Plaintiff in requesting that the Court direct the parties to submit another status report in 30 days to ensure continued progress.

Respectfully Submitted,

/s/ Cary O. Aronovitz, Counsel for Plaintiff

/s/ Alejandra S. Alvarez, Counsel for the Individual Defendants
Submission finalized with authorization from Samuel Kadosh, Counsel for the Corporate Defendants